**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 13, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

---

No. 05-41709
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD LYMUEL, also known as Little Ron,

Defendant-Appellant.

---

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(3:05-CR-2-4)**

---

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ronald Lymuel appeals his guilty-plea conviction for possessing, with the intent to distribute, five grams or more of a mixture and substance containing cocaine base and aiding and abetting the same. *See* 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

For the first time on appeal, Lymuel contends the magistrate judge violated his due process rights, as well as 18 U.S.C. § 4241(a), in failing sua sponte to order a competency hearing. If a defendant did not file a motion for a competency hearing in the district court or, as in this case, *did* file and then withdrew the motion, our court will generally review for abuse of discretion the failure sua sponte to order such a hearing. *See **United States v. Messervey***, 317 F.3d 457, 463 (5th Cir. 2002). (Subsequent to withdrawing his motion, Lymuel agreed to proceed before the magistrate judge.) Furthermore, because Lymuel made no competency objection during the guilty-plea hearing and did not seek to withdraw his guilty plea in district court, our review is only for plain error. *See **United States v. Vonn***, 535 U.S. 55, 59 (2002). For such error, a defendant must show a "plain" or "obvious" error that affected his substantial rights. *See **United States v. Olano***, 507 U.S. 725, 732-35 (1993). If such a showing is made, we still retain discretion whether to correct the error. Generally, we will not do so unless it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." ***Id.*** at 736 (internal quotation marks and citation omitted).

A psychiatric examination ordered by the magistrate judge indicated Lymuel was malingering the presence of severe brain damage. The results of his psychiatric examination, his videotaped interactions and conversation for his drug transaction, statements

2

made to the court by various parties, and Lymuel's demeanor at his guilty-plea hearing, when objectively considered, were not sufficient to raise a bona fide doubt as to Lymuel's competency and were not sufficient to give the magistrate judge reasonable cause to believe Lymuel was unable to understand the proceedings against him or assist in his defense. *See* **Pate v. Robinson**, 383 U.S. 375, 378 (1966); **Messervey**, 317 F.3d at 463. As such, there was no plain error in failing sua sponte to hold a competency hearing.

In addition, again for the first time on appeal, Lymuel asserts his guilty plea was not knowingly and voluntarily entered because, in the light of his mental defect, his plea colloquy should have consisted of more than simple yes or no questions which did little to probe his reasoning and comprehension. Again, we review only for plain-error. *See* **Vonn**, 535 U.S. at 59. Because the magistrate judge found Lymuel competent to enter a guilty plea and the plea colloquy was sufficient to reasonably assure the plea was knowingly and voluntarily entered, Lymuel has not shown plain error.

*AFFIRMED*